

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable G. E. Rigby
County Auditor, Uvalde County
Uvalde, Texas

Dear Sir

Opinion No. O-5754
Re: Procedure of the Commissioners'
Court of Uvalde County to se-
cure the right to enter the prop-
erty in question and survey for
the right-of-way.

Your letter of December 9, 1943, requesting the opinion of this department on the above stated matter reads, in part, as follows:

"I would like your advice on the following situation that has arisen in this County.

"The State Highway Department's Engineers are laying out a proposed new route for a State Highway between the towns of Sabinal and Utopia, in Uvalde County, and in making some of their surveys, have found it necessary to enter upon the lands of individuals. One individual has ordered the Engineers off and have forbidden them to come on his premises again. I would appreciate knowing what legal rights the County Commissioners have in this matter, and what procedure they must go through in order to secure the right, to enter the property and survey for the right-of-way."

Article 6674n, Vernon's Annotated Civil Statutes, authorize any commissioners' court to secure by purchase or by condemnation on behalf of the State of Texas, any new or wider right-of-way or land not exceeding one hundred feet in width for stream bed diversion in connection with the locating, relocating or construction of a des-ignated State Highway, or land or lands for material or borrow pits, to be used in the construction, reconstruction, or maintenance of State Highways.

This statute further provides that in the event of condemnation by the county the procedure shall be the same as set out in Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, 1925. The provisions of this statute charge the State Highway Commission with the duty of furnishing to the county commissioners' courts the plats or field notes of such right-of-way or lands and the description of such material as may be required, after which the commissioners' court may,

purchase or condemn the same, with title to the State of Texas, in accordance with such field notes.

As we understand the facts in your letter, a certain individual has refused to permit the engineers of the State Highway Department to enter upon his property for the purpose of making certain surveys for the purpose of locating the route of highway in question. The power of designating the route of the highway rests in the Highway Department, and not in the Commissioners' Court. (See the case of San Patricio County v. Maxwell, et al, 56 S. W. (2d) 295 and authorities cited therein).

We quote from the above mentioned case (San Patricio County v. Maxwell, et al) as follows:

"Moreover, it is apparent that, in the matter of designating in detail the route to be followed by State Highways the actions of the Highway Department, being discretionary acts purely administrative in their nature, cannot be directed by the courts or halted by them except in possible extraordinary situations not disclosed here. ****"

We quote from the case of Bobbitt, et al, v. Gordon, 108 S.W. (2d) 254, as follows:

"* * *we quote the following proposition from Johnson v. Ferguson, (Tex. Civ. App.) 55 S. W. (2d) 153, 159, 160, as the correct statement of the law, controlling the exercise by the Highway Commission of its discretion in locating a public road: 'In matters of Judgment touching the commissioners' functions, theirs, and not that of another, is supreme. Certainly their acts other than those of a purely ministerial nature should not be stayed at the hands of the court, and the important functions of the department therefore impeded or impaired, except upon verified allegations of fact showing unequivocally that they are exceeding the bounds of their legal authority; and as certainly, their acts in the exercise of an honest discretion, must be respected when untainted by fraud and unassailed on account of accident or mistake occurring in their performance, or such abuse of discretion as under the authorities would avoid the same.'"

As the State Highway Commission is charged with the duty of furnishing to the county commissioners' courts the plats or field notes of such right-of-way or land as may be required there is no duty imposed upon the county commissioners' court to secure the field notes or plats of such right-of-way or land. Therefore, it is our opinion that there is no action to be taken by the commissioners' court regarding the question under consideration. For the purpose of this

opinion, we are not concerned with the question of the State Highway Commission securing the field notes or plat of the right-of-way or land heretofore mentioned. Therefore, this opinion is not to be construed as expressing any opinion concerning the duties, powers or rights of the State Highway Commission in securing the plat or field notes of the right-of-way or land on which the survey is desired to be made.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:EP:wc

APPROVED DEC. 23, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman